| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock<br>Denver, CO 80202<br>720-865-8301 | |
|---|---|
| **Plaintiffs:**<br><br>WHITEWAVE FOODS COMPANY,<br>a Delaware Corporation and<br>HORIZON ORGANIC DAIRY, LLC, a Delaware Limited<br>Liability Company<br><br>**v.**<br><br>**Defendants:**<br><br>LARRY HANSEN, an individual and<br>COOPERATIVE REGIONS OF ORGANIC PRODUCER<br>POOLS, d/b/a Organic Valley, a Wisconsin Cooperative | ▲ **COURT USE ONLY** ▲<br><br>Case No.: 2012cv-3465<br>Division: 424 |
| Attorneys For: *Plaintiffs WhiteWave Foods Company and Horizon Organic Dairy, LLC*<br>Name:     Craig R. May (#32267)<br>           Kelly A. Laudenslager (#41553)<br>           Wheeler Trigg O'Donnell LLP<br>Address:   1801 California Street, Suite 3600<br>           Denver, CO 80202-2817<br>Phone No.:   303.244.1800<br>Fax No:   303.244.1879<br>E-Mail:   may@wtotrial.com<br>          laudenslager@wtotrial.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs WhiteWave Foods Company ("WhiteWave") and Horizon Organic Dairy, LLC ("Horizon Organic"), through their undersigned counsel, assert the following Complaint against Larry Hansen ("Hansen") and Cooperative Regions of Organic Producer Pools, dba Organic Valley ("Organic Valley"). WhiteWave and Horizon Organic will be referred to collectively herein as "Plaintiffs." Hansen and Organic Valley will be referred to collectively herein as "Defendants."

tabbies®

**EXHIBIT**

**2**

## INTRODUCTION

1.      Hansen was employed by Horizon Organic from June 2008 until May 4, 2012. Contractual agreements he signed while employed by Horizon Organic required him to protect all of Horizon Organic's proprietary information and trade secrets, even after his employment with Horizon Organic ceased.

2.      Almost immediately upon his resignation from Horizon Organic, Hansen began working for Horizon Organic's chief competitor, Organic Valley, a competitor which coincidentally had an employee recently retire from an almost identical position as the one Hansen left at Horizon Organic. Upon information and belief, Organic Valley is employing Hansen in a role that involves the same type of responsibilities and territory as those he had at Horizon Organic, threatening the disclosure and/or use of proprietary information and trade secrets and making such disclosure inevitable.

3.      As a direct and proximate result of these actions, Plaintiffs have suffered and will continue to suffer actual and consequential damages in amounts to be proven at trial.

## PARTIES

4.      Plaintiff WhiteWave is a Delaware corporation with its headquarters in Broomfield, Colorado. WhiteWave manufactures and distributes a variety of well-known product lines, including Horizon Organic milk.

5.      Plaintiff Horizon Organic is a Delaware limited liability partnership with its headquarters in Broomfield, Colorado, and whose sole member is WhiteWave. Horizon Organic procures and markets organic milk nationwide.

6.      Defendant Larry Hansen is an individual who, upon information and belief, is a citizen and domiciliary of Oregon.

7.      Defendant Organic Valley is a cooperative based in Wisconsin.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this dispute pursuant to C.R.S. § 13-1-124 because it arises from the transaction of business within the State of Colorado.

9.      Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

10.     This is an action seeking monetary damages and injunctive relief arising out of Hansen's breach of his contractual duties, and the Defendants' misappropriation or threatened misappropriation of Plaintiffs' trade secrets.

## FACTUAL ALLEGATIONS

11.     In June 2008, Hansen was hired by Horizon Organic in the position of Dairy Operations Manager – Milk Quality & Supply.

12.     In that role, Hansen was responsible for milk procurement and farmer development in the West coast region of the United States, along with New Mexico and Texas. He was also responsible for implementing Horizon Organic's supplier quality program and insuring that milk provided by the suppliers met Horizon Organic's strict quality standards. His job responsibilities included forming personal relationships with Horizon Organic's farmer-suppliers, negotiating supply contracts, forecasting milk production and demand, identifying potential new suppliers, and procuring sufficient supply of organic milk to meet Horizon Organic's sales needs across his region. He also worked with the suppliers on improving their milk quality through Horizon Organics' quality program and worked to implement and improve the quality program. Hansen had these responsibilities for the entire period he was employed by Horizon Organic.

13.     Hansen oversaw 48 farms, and was responsible for over 35% of the organic milk produced for Horizon Organic, by volume.

14.     In connection with the start of his employment with Plaintiffs, Hansen signed a "Nondisclosure and Proprietary Rights Agreement." In recognition of the "highly competitive field" in which Horizon Organic operates, Hansen agreed to keep confidential all "information of commercial value that relates to" WhiteWave's and Horizon Organic's business. The types of information specifically listed include trade secrets, financial business information, marketing plans, business strategies, forecasts, customer lists, vendor lists, pricing structures, and projections. Hansen agreed not to disclose any of this information, or to use it for his own or a third party's benefit. He also agreed to take "all reasonable precautions" to avoid any negligent or inadvertent disclosure of this information.

15.     Hansen also agreed, in writing, that he would full comply with all aspects of the WhiteWave Code of Ethics, which also imposes a duty to protect Horizon Organic's confidential information from disclosure.

16.     Due to the nature of his role in the company, Hansen in fact did have access to significant confidential and trade secret information belonging to Horizon Organic, including the following.

     a.     Hansen knew the identity of and had personal relationships with all of Horizon Organic's organic milk suppliers in his region. Horizon Organic keeps its supplier lists confidential, and the lists and the relationships with the suppliers are highly valuable and carefully guarded. He also had access to the national database containing address, contact, and contract information on all of Horizon Organic's organic milk producers. Horizon

Organic keeps all contract terms confidential, and requires its producers to maintain the confidentiality of that information as well.

b.      As part of his job, and to assist him in contractual negotiations with suppliers, Hansen knew highly confidential information regarding Horizon Organic's operating margins, demand needs, purchasing price tolerances and strategies. This information is only given to select individuals within the Horizon Organic organization, and is not to be disclosed outside the company.

c.      Hansen also had knowledge of highly confidential business information regarding Horizon Organic's sales demand projections through 2014, by region. This information is developed internally at Horizon Organic, at great expense, and is an invaluable tool for Horizon Organic as it seeks to compete in the organic milk industry. This information is also closely guarded, and is not widely disseminated even within Horizon Organic. Employees who are privy to this information are repeatedly reminded not to disclose or otherwise endanger the confidentiality of this information.

d.      Hansen had knowledge of Horizon Organic's strategic plans for future growth and stability. This information is kept strictly confidential, and could bestow an enormous competitive advantage to Horizon Organic's competitors if it were to be disclosed.

e.      Hansen also had deep knowledge of Horizon Organic's supplier milk quality program, which helps insure that suppliers provide milk that meets Horizon's high standards. The program includes data collection, incentives to producers, and other details which Plaintiffs consider proprietary and confidential. The quality program is regularly revised and improved. Hansen is familiar with and had input into a new and improved quality program that is set to be rolled out this summer.

17.     On April 16, 2012, Hansen informed his supervisor that he would be resigning his position at Horizon Organic, effective May 4, 2012. Despite inquiries regarding his future plans, Hansen never told his supervisor what his future employment plans were.

18.     Less than two weeks after Hansen's final day at Horizon Organic, on May 14, 2012, he sent an email to a number of his former producer contacts at Horizon Organic. In the email, he informed them of his new email address and phone number. The email was sent from an address with the domain "organicvalley.coop."

19.     Organic Valley is the major competitor of Horizon Organic. Together, these two companies provide a large percentage of the organic milk sold in the United States.

20.     In addition to the May 14, 2012 email noted above, Hansen has separately contacted at least one large Horizon Organic milk supplier in his old region in his capacity as an employee of Organic Valley.

21.     Upon information and belief, Hansen has also called on Organic Valley milk suppliers in his old region in his capacity as an employee of Organic Valley.

22.     The person who managed Organic Valley's west coast supplier operations for organic milk recently retired. This appears to be the same or a very similar position as that which Hansen had at Horizon Organic, with the same or similar territory.

23.     Hansen has refused to provide any details on his new position or his responsibilities at Organic Valley. Nevertheless, it is clear that Hansen is contacting suppliers in his old territory, including in the Southwest, where he was heavily involved in developing new potential suppliers for Horizon Organic.

24.     Additionally, upon information and belief, Hansen is currently working in a capacity at Organic Valley that involves the same territory as his job with Plaintiffs, and has the same responsibilities as his job with Plaintiffs, including maintaining supply, calling on farmers, developing new supplies of milk, and implementing a milk quality program.

25.     Regardless of Hansen's new title with Organic Valley, Hansen's employment for Plaintiffs' primary competitor in the same territory and involving the same or similar responsibilities make it likely that Hansen would use his knowledge gained working for Plaintiffs to benefit their competitor and seriously damage Horizon Organic's future prospects.

26.     Hansen's unwillingness to discuss his plans after departure from Horizon Organic, and his subsequent hiring at Horizon Organic's main competitor, along with the other facts alleged here, establish a substantial likelihood that the confidential and trade secret information Hansen had access to at Horizon Organic is in danger of disclosure to Organic Valley.

## FIRST CLAIM FOR RELIEF
### Breach of Contract – Hansen

27.     Plaintiffs incorporate the previous allegations in this Complaint as if fully set forth herein.

28.     Plaintiffs and Hansen entered into binding contracts during the course of Hansen's employment with Plaintiffs. A provision of those contacts requires Hansen to keep confidential and to not disclose Plaintiffs' trade secret and other valuable business information and also to not use such information for his own or any third party's benefit.

29.     At all times during his employment with Plaintiffs, Hansen had access to vast amounts of Plaintiffs' confidential, proprietary, and trade secret information.

30.     Plaintiffs performed all of their relevant obligations under the agreements.

31.     Hansen has breached the agreements by, among other things, taking a similar position with his former employer's chief competitor, using confidential information for his own and that competitor's benefit, and by not taking steps to ensure that Plaintiffs' trade secret information is protected from inadvertent and accidental disclosure.

32.     Plaintiffs have suffered and continue to suffer damages as a result of Hansen's actions.

33.     Plaintiffs are entitled to an award of actual damages resulting from Hansen's breach of the agreements, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Misappropriation of Confidential Information and
### Trade Secrets – Hansen and Organic Valley

34.     Plaintiffs incorporate the previous allegations in this Complaint as if fully set forth herein.

35.     Plaintiffs are the owners of confidential information and trade secrets as set forth above and as defined under Colorado law.

36.     The confidential information and trade secrets are deserving of protection.

37.     Plaintiffs have taken reasonable efforts to maintain the confidentiality and secrecy of their confidential information and trade secrets.  This includes treating the information as confidential and requiring its employees, including Hansen, to sign a confidentiality and non-disclosure agreement and to agree to keep business information confidential as a part of the company code of conduct.

38.     Under Colorado's Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et seq.*, Defendants have misappropriated Plaintiffs' trade secrets for the purpose of using and exploiting such information for their own interests, without license or permission from Plaintiffs.

39.     Defendant Hansen is in possession of Plaintiffs' trade secret information that is threatened to be disclosed by virtue of his employment with Plaintiffs' chief competitor, in the same type of job and in the same region as he worked for Plaintiffs.

40.     Additionally, given his new job at Organic Valley and the nature of Plaintiffs' trade secret information that he possesses, it will be impossible for Hansen to segregate the trade secret information in his mind and not use, rely upon, or disclose the trade secrets he possesses for his or Organic Valley's benefit.

41.     Defendants' misappropriation of Plaintiffs' confidential information and trade secrets has caused and will continue to cause Plaintiffs damages as well as irreparable injury. Plaintiffs are entitled to actual and consequential damages.

## THIRD CLAIM FOR RELIEF
### Injunctive Relief – Hansen and Organic Valley

42.     Plaintiffs incorporate the previous allegations in this Complaint as if fully set forth herein.

43.     Hansen is bound by the nondisclosure provisions in the Nondisclosure Agreement he signed with Horizon Organic.

44.     The agreement expressly provides for injunctive relief in the event of a breach by Hansen.

45.     As set forth above, Hansen is in breach of the agreement.

46.     Moreover, the Colorado Uniform Trade Secret Act expressly provides for injunctive relief to prevent the misappropriation or threatened misappropriation of trade secrets.

47.     As set forth above, Defendants' conduct indicates that they have misappropriated Horizon Organic's trade secrets, or their conduct indicates that such misappropriation is threatened or inevitable.

48.     Unless Hansen is enjoined from his disclosure or threatened disclosure of Plaintiffs' confidential information, Plaintiffs will continue to suffer immediate and irreparable injury and harm in the form of loss of existing and prospective suppliers, and present and future economic loss.

49.     Plaintiffs have no adequate remedy at law.

50.     Organic Valley has actively participated in Hansen's misconduct.

51.     Granting injunctive relief serves the public interest. There is a public interest in enforcing contracts and protecting trade secrets and confidential business information. Public policy also favors the nondisclosure of proprietary information and the protection of trade secrets to promote fair competition.

52.     By virtue of the foregoing, a balancing of the equities favors the issuance of an injunction against Hansen.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

1.      Restraining and enjoining Hansen from violating his contractual, common law, and statutory obligations to Plaintiffs.

2.      Entering preliminary and permanent injunctions prohibiting Defendants from:

   a.   Having Hansen work for Organic Valley in any capacity in which he performs the same jobs or duties that he performed at Horizon Organic for a period of one year;

   b.   Violating the terms and conditions of Hansen's agreements with Plaintiffs; or

   c.   Taking any action of any character or nature having the purpose or effect of disclosing, disseminating, or in any manner utilizing Plaintiffs' confidential, proprietary, and/or trade secret information.

3.      Award Plaintiffs damages incurred as a result of Defendants' wrongful actions described above, including the recovery of actual and compensatory damages.

4.      Impose a constructive trust on all revenues Defendants received, or may receive in the future, as a result of Defendants' unlawful conduct as described above.

5.      Award Plaintiffs allowable costs and disbursements in this action.

6.      Award Plaintiffs all reasonable attorneys' fees to the extent such may be allowable by law or contract.

7.      Award Plaintiffs all further relief in law or in equity to which they may show they are justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

Dated:  June 6, 2012                    Respectfully submitted,


                                        /s/ *Craig R. May*
                                        Craig R. May
                                        Kelly A. Laudenslager
                                        *Attorneys for Plaintiffs*


*Plaintiff's Address:*
WhiteWave Foods Company and Horizon Organic Dairy, LLC
12002 Airport Way
Broomfield, CO 80021

## LexisNexis File & Serve Transaction Receipt

**Transaction ID:** 44668103
**Submitted by:** Kimberlee Prechodko, Wheeler Trigg O'Donnell LLP
**Authorized by:** Craig R May, Wheeler Trigg O'Donnell LLP
**Authorize and file on:** Jun 6 2012 4:46PM MDT

| | |
|---|---|
| **Court:** | CO Denver County District Court 2nd JD |
| **Case Class:** | Civil |
| **Case Type:** | Breach of Contract |
| **Case Name:** | Whitewave Foods Company, a Delaware Corporation and Horizon Organic Dairy, LLC, a Delaware Limited Liability Company v. Larry Hansen, an individual and Cooperative Regions of Organic Producer Pools, |

| | |
|---|---|
| **Transaction Option:** | Originating Event |
| **Billing Reference:** | 05785.0006 |

### Documents List
**4 Document(s)**

**Originating Document, 9 Pages    Document ID: 48988057**

| | | | |
|---|---|---|---|
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
| Complaint and Jury Demand | Public | $327.00 | |

**Document title:**
Complaint and Jury Demand

**Attached Document, 3 Pages    Document ID: 48988068**
Related Document ID: 48988057

| | | | |
|---|---|---|---|
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
| Civil Case Cover Sheet | Public | $0.00 | |

**Document title:**
Civil Case Cover Sheet

**Attached Document, 3 Pages    Document ID: 48988083**
Related Document ID: 48988057

| | | | |
|---|---|---|---|
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
| Summons Issued | Public | $0.00 | |

**Document title:**
Summons - Cooperative Regions of Organic Producer Pools

**Attached Document, 3 Pages    Document ID: 48988101**
Related Document ID: 48988057

| | | | |
|---|---|---|---|
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
| Summons Issued | Public | $0.00 | |

**Document title:**
Summons - Larry Hansen

Close All

⊟ **Sending Parties (2)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Horizon Organic Dairy, LLC (pending) | Plaintiff | May, Craig R | Wheeler Trigg O'Donnell LLP | Privately Retained Attorney |
| Whitewave Foods Company (pending) | Plaintiff | May, Craig R | Wheeler Trigg O'Donnell LLP | Privately Retained Attorney |

⊟ **Case Parties**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Cooperative Regions of Organic Producer Pools dba Organic Valley, a Wisconsin Cooperative (pending) | Defendant | Pro Se | Pro Se- | N/A |

| | | | | |
|---|---|---|---|---|
| Hansen, Larry (pending) | Defendant | Pro Se | Pro Se- | N/A |
| Horizon Organic Dairy, LLC (pending) | Plaintiff | May, Craig R | Wheeler Trigg O'Donnell LLP | Privately Retained Attorney |
| Whitewave Foods Company (pending) | Plaintiff | May, Craig R | Wheeler Trigg O'Donnell LLP | Privately Retained Attorney |

[ Close ]

 **LexisNexis®** | About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2012 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

| | |
|---|---|
| **From:** | LexisNexis File & Serve <ClerkReviewNotification@fileandserve.lexisnexis.com> |
| **Sent:** | Thursday, June 07, 2012 8:20 AM |
| **To:** | Prechodko, Kim |
| **Subject:** | Case: 2012CV3465; Transaction: 44668103 New Case Accepted w/Edits |

To: Kimberlee Prechodko
Subject: Notice of Accepted and Edited New Case

CO Denver County District Court 2nd JD has accepted a transaction in 2012CV3465 with edits. This case, 2012CV3465, is now available for subsequent transactions and you may now serve parties in this case via LexisNexis File & Serve.

The details for this transaction are listed below.

| | |
|---|---|
| Court: | CO Denver County District Court 2nd JD |
| Case Name: | Whitewave Foods Company, a Delaware Corporation and Horizon Organic Dairy, LLC, a Delaware Limited Liability Company v. Larry Hansen, an individual and Cooperative Regions of Organic Producer Pools, |
| Case Number: | 2012CV3465 |
| Transaction ID: | 44668103 |
| Authorized Date/Time: | Jun 6 2012 4:46PM MDT |
| Authorizer: | Craig R May |
| Authorizer's Organization: | Wheeler Trigg O'Donnell LLP |
| Sending Parties: | |
| | Whitewave Foods Company |
| | Horizon Organic Dairy, LLC |
| Calendar Events: | |
| Authorized By: | Gustafson, Kyle T |
| | CO Denver County District Court 2nd JD |
| Modified By: | Gustafson, Kyle T |
| Event Type: | Review |
| Location: | 424 - Division 424 |
| Start Time: | Aug 03 2012 07:00 AM |
| End Time: | Aug 03 2012 08:00 AM |
| Status: | Confirmed |

If you are a subscriber, you can view the changes the clerk has elected to make to the documents filed in this case online at https://fileandserve.lexisnexis.com/Login/Login.aspx . You may see the details regarding the review status by clicking the ?Search? tab to the right of the screen and searching for Transaction ID 44668103. The clerk?s comments are listed below.

The filing fees were increased by $0.00.

Document Title(s):
    Complaint and Jury Demand
     Status:Accepted
    Civil Case Cover Sheet
     Status:Accepted
    Summons (NO SERVICE)

Status:Accepted
Reason:        Document Title Edited
Summons (NO SERVICE)
Status:Accepted
Reason:        Document Title Edited

Thank you for using LexisNexis File & Serve.

Questions? For prompt, courteous assistance please contact LexisNexis Customer Service by phone at 1-888-529-7587 (24/7).

## Prechodko, Kim

**From:** LexisNexis File & Serve <TransactionReceipt@fileandserve.lexisnexis.com>
**Sent:** Wednesday, June 06, 2012 4:46 PM
**To:** Prechodko, Kim
**Subject:** Case: ; Transaction: 44668103 Transaction Receipt

To: Kimberlee Prechodko
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was "File Only". The details for this transaction are listed below.

Court:                    CO Denver County District Court 2nd JD
Case Name:           Whitewave Foods Company, a Delaware Corporation and Horizon Organic Dairy, LLC, a Delaware Limited Liability Company
v.
Larry Hansen, an individual and Cooperative Regions of Organic Producer Pools,
Case Number:
Transaction ID:         44668103
Document Title(s):
        Complaint and Jury Demand (9 pages)
        Civil Case Cover Sheet (3 pages)
        Summons - Cooperative Regions of Organic Producer Pools (3 pages)
        Summons - Larry Hansen (3 pages)
Authorized Date/Time:     Jun  6 2012  4:46PM MDT
Authorizer:             Craig R May
Authorizer's Organization:   Wheeler Trigg O'Donnell LLP
Sending Parties:
        Whitewave Foods Company
        Horizon Organic Dairy, LLC

Thank you for using LexisNexis File & Serve.

Questions? For prompt, courteous assistance please contact LexisNexis Customer Service by phone at 1-888-529-7587 (24/7).

1